753 F.2d 219
 36 Empl. Prac. Dec. P 35,004, 53 USLW 2357,
40 Fed.R.Serv.2d 1368
 Denise SANTIAGO and Terry L. Birmingham, Plaintiffs-Appellants,
and
Gabe Kaimowitz, Esq., Appellant and Attorney for Plaintiffs-Appellants,
v.
VICTIM SERVICES AGENCY of the METROPOLITAN ASSISTANCE CORP.,
Lucy Friedman, Director, John Blackmore, Kevin Byrne, Carole
Peters, Karen Morello, and Lana S. Flame, individually and
in their official capacities, Defendants-Appellees.
 Nos. 442, 443, Dockets 84-7558, 84-7560.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 26, 1984.
Decided Jan. 11, 1985.
 
 Robert L. Becker, New York City (Jorge Batista and Puerto Rican Legal Defense and Education Fund, Inc., New York City, on the brief), for plaintiffs-appellants Santiago and Birmingham.
 Richard Emery, New York Civil Liberties Union, New York City, for appellant Kaimowitz.
 Karen Berger Morello and Lana S. Flame, New York City, submitted a brief for defendants-appellees.
 Before TIMBERS, VAN GRAAFEILAND and PIERCE, Circuit Judges.
 TIMBERS, Circuit Judge:
 
 
 1
 The sole question presented by these appeals is whether the district court had jurisdiction to award attorney's fees to appellees after appellants had filed a notice of dismissal of the action pursuant to Fed.R.Civ.P. 41(a)(1)(i) and before appellees had served an answer or a motion for summary judgment. We hold that the district court did not have jurisdiction to award attorney's fees.
 
 
 2
 The appeals are from two orders entered in the Southern District of New York: one by Henry F. Werker, District Judge, entered February 7, 1984, awarding, pursuant to 42 U.S.C. Sec. 1988 (1982), a total of $19,352.45 in attorney's fees and disbursements against appellants and their counsel; and the other by Kevin T. Duffy, District Judge, entered May 24, 1984, denying appellants' motions for reconsideration of the earlier order. For the reasons stated below, we reverse.
 
 I.
 
 3
 Appellants Santiago and Birmingham are two former employees of appellee Victim Services Agency (VSA), an agency of the Metropolitan Assistance Corporation which provides services to crime victims in New York City. Appellant Kaimowitz is an attorney for the Puerto Rican Legal Defense Fund and was the attorney for Santiago and Birmingham in the district court. Santiago and Birmingham were terminated from their employment with VSA in January 1983. They commenced this action on May 2, 1983 against VSA and several employees of the agency, alleging that their terminations were racially motivated and violated the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Secs. 1981, 1983 and 1985 (1982). Their complaint also alleged various pendent state law claims, including defamation and intentional infliction of emotional distress.
 
 
 4
 On May 2, 1983, simultaneously with the commencement of the action, Santiago and Birmingham moved by order to show cause for a preliminary injunction to obtain reinstatement to their former positions. Argument of counsel was heard on May 6, 1983. An evidentiary hearing was held on June 3 and 8, 1983. At the conclusion of the hearing on June 8, the court announced its decision from the bench, denying the motion for a preliminary injunction and granting appellees' motion for leave to submit an application for attorney's fees. A written opinion followed on June 13, 1983, in which the court concluded that "the plaintiffs have failed to show sufficiently serious questions going to the merits to make them a fair ground for litigation."
 
 
 5
 On June 20, 1983, Santiago and Birmingham filed with the clerk of the court a notice of voluntary dismissal, dated June 16, 1983, pursuant to Fed.R.Civ.P. 41(a)(1)(i).[1] Despite the dismissal, appellees moved two months later, on August 16, 1983, for an award of attorney's fees. That motion was granted on February 7, 1984, more than seven months after the action had been dismissed. The court awarded appellees $19,252.45 against attorney Kaimowitz and $50 each against Santiago and Birmingham.
 
 
 6
 Kaimowitz filed a motion for reconsideration and an evidentiary hearing pursuant to Rule 59(e) on February 14, 1984. Santiago and Birmingham filed a similar motion three days later. Judge Werker subsequently became ill and died on May 10, 1984. On May 24, 1984, Judge Duffy, who had entered two orders granting appellees' motions for adjournments during Judge Werker's illness, confirmed Judge Werker's award in a memorandum endorsement. These appeals followed.
 
 II.
 
 7
 Under 42 U.S.C. Sec. 1988 (1982), prevailing parties in civil rights actions, including defendants, may be awarded reasonable attorney's fees in the discretion of the district court. That discretion is not unfettered. A prevailing defendant who seeks attorney's fees must demonstrate that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).[2] This burden is placed on the defendant because the plaintiff in a civil rights action is "the chosen instrument of Congress to vindicate" a policy of the highest national priority. Id. at 418. However, we do not reach the issues here of whether VSA was a prevailing party and whether the district court abused its discretion under the relevant standard because we hold, under Fed.R.Civ.P. 41(a)(1)(i), that the court lacked jurisdiction to make the award.
 
 
 8
 Under Rule 41(a)(1)(i), a plaintiff, with certain exceptions inapplicable here, may dismiss the action by filing a notice of dismissal at any time before the defendant has filed an answer or a motion for summary judgment. Such dismissal requires no approval or action by the court. It is within the unfettered power of the plaintiff. Thorp v. Scarne, 599 F.2d 1169, 1176 (2 Cir.1979). Once the plaintiff has dismissed the action under the rule, the court loses all jurisdiction over the action. In re International Business Machines Corp., 687 F.2d 591, 598, 600-03 (2 Cir.1982). A subsequent order granting attorney's fees is a nullity. Williams v. Ezell, 531 F.2d 1261, 1264 (5 Cir.1976).
 
 
 9
 It is uncontroverted here that appellees never filed an answer or a motion for summary judgment. Furthermore, we decline to treat a motion for a preliminary injunction, where a hearing has been held and issue has been "joined", as the equivalent of an answer or a motion for summary judgment under Rule 41. As we observed in Thorp, supra, 599 F.2d at 1173, the wording of Rule 41 is "unambiguous". Only the occurrence of one of the two events specified in the rule can cut off the plaintiff's right unilaterally to dismiss the action. Although the rule has undergone four amendments, Congress consistently has avoided vague terms and has left no discretion to the courts to determine the point at which the plaintiff may dismiss the action. Id. at 1175-76. Adherence to this bright line is necessary adequately to apprise both plaintiffs and defendants of their relative rights and options in proceeding with the litigation.
 
 
 10
 We have recognized that Rule 41(a)(1)(i) means just what it says ever since our Court, through Judge Learned Hand, held that a district court is powerless to vacate a voluntary dismissal under the rule even after a motion to dismiss had been filed. Kilpatrick v. Texas & P. Ry., 166 F.2d 788, 792 (2 Cir.), cert. denied, 335 U.S. 814 (1948); see also Littman v. Bache & Co., 252 F.2d 479, 481 (2 Cir.1958). Although our decision in Harvey Aluminum Inc. v. American Cyanamid Co., 203 F.2d 105 (2 Cir.), cert. denied, 345 U.S. 964 (1953), departed from this unequivocal rule by holding that a motion for a preliminary injunction might be treated as the equivalent of the filing of an answer or motion for summary judgment, id. at 108, our subsequent decision in Thorp made clear that Harvey is to be limited to its "extreme" facts. Thorp, supra, 599 F.2d at 1175-76; accord, Littman, supra, 252 F.2d at 481; Winterland Concessions Co. v. Smith, 706 F.2d 793, 795 (7 Cir.1983); D.C. Electronics, Inc. v. Nartron Corp., 511 F.2d 294, 297 (6 Cir.1975); Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters, 506 F.2d 914, 916 (5 Cir.), cert. denied, 422 U.S. 1048 (1975).
 
 
 11
 The statement in the court's opinion of February 7, 1984 to the effect that it had reserved jurisdiction over the matter of attorney's fees does not change the result in this case. In that opinion, Santiago v. Victim Services Agency, No. 83 Civ. 3322 (S.D.N.Y. Feb. 7, 1984), the court relied upon Bacon v. Toia, 648 F.2d 801, 810 (2 Cir.1981), aff'd, 457 U.S. 132 (1982), for the proposition that "it is within the power of a district judge to reserve the issue of attorney's fees and costs pursuant to 42 U.S.C. Sec. 1988." Santiago, supra, at 3. We hold that this does not provide the jurisdictional underpinning for the court's award of attorney's fees after the Rule 41(a)(1)(i) dismissal in the instant case. There are several reasons for our holding in this respect.
 
 
 12
 First, the record is barren of any indication that the court reserved jurisdiction over the attorney's fees issue prior to the statement to that effect in the court's February 7, 1984 opinion. Although at the conclusion of the evidentiary hearing on June 8, 1983, the court granted appellees' motion for leave to apply for an award of attorney's fees, the notice of dismissal itself, which the court signed on June 17, 1983, made no reference to fees or costs and was completely unconditional.[3]
 
 
 13
 Second, Bacon, supra, 648 F.2d at 809-10, merely allowed the district court to reserve the issue for decision beyond the ten-day limitation on motions to alter or amend a judgment provided by Fed.R.Civ.P. 59(e), and did not involve a voluntary dismissal under Rule 41. See also White v. New Hampshire Dep't of Employment Security, 455 U.S. 445 (1982). Here, there was no judgment, nor was any action by the court necessary for the dismissal to be effective. It is quite plain that the district court lost all jurisdiction over the case when appellants dismissed the action. The court had no authority to reserve jurisdiction, In re International Business Machines, supra, 687 F.2d at 598, 600-03, or to attach any conditions to the unilateral right to dismiss. Williams, supra, 531 F.2d at 1264. Furthermore, to allow such a reservation would discourage voluntary dismissals of actions that have become untenable in the very early stages of the litigation, as defined by Congress. While a defendant may incur significant costs in defending against a motion for preliminary relief in a frivolous action, it can always preserve its claim for attorney's fees by simply filing an answer or a motion for summary judgment. Cf. Thorp, supra, 599 F.2d at 1176.
 
 
 14
 We therefore hold that the district court here lacked jurisdiction to award attorney's fees after appellants had filed a notice of dismissal and that the court's attempted reservation of jurisdiction was void. In doing so, we reaffirm our past holdings in Kilpatrick and Thorp that the only events that can cut off a plaintiff's unilateral right to dismiss an action under Rule 41(a)(1)(i) are the filing of an answer or a motion for summary judgment.[4]
 
 
 15
 Reversed.
 
 
 
 [1]
 Fed.R.Civ.P. 41 in relevant part provides:
 "Rule 41. Dismissal of Actions.
 (a) VOLUNTARY DISMISSAL: EFFECT THEREOF.
 (1) By Plaintiff: By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
 ...."
 Rule 41(a)(2) governs in cases in which paragraph (1) is inapplicable; that is, when the defendant has served an answer or a motion for summary judgment. Paragraph (2) provides for dismissal at the plaintiff's request "upon order of the court and upon such terms and conditions as the court deems proper", Fed.R.Civ.P. 41(a)(2), including an award of attorney's fees. GAF Corp. v. Transamerica Insur. Co., 665 F.2d 364, 367-68 (D.C.Cir.1981).
 
 
 [2]
 For sanctions against attorneys, see 28 U.S.C. Sec. 1927 (1982), Fed.R.Civ.P. 11, and Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980)
 
 
 [3]
 The notice of dismissal filed by Santiago and Birmingham stated, in its entirety, "Please take notice that the above-entitled action is hereby dismissed. Rule 41(a)(1), Fed.R.Civ.Pro." A handwritten notation, affixed just above the signature of appellants' counsel, states, "Deft's have not answered". The latter notation was added by Judge Werker at the time that he endorsed the notice. (Affidavit of Robert L. Becker, Joint Appendix at 80). At the bottom of the page on which the notice of dismissal appears, the document is stamped "So Ordered", followed by Judge Werker's signature with the date, "6/17/83"
 We note the endorsement by the court on the notice of dismissal only for the purpose of our analysis of the reservation of jurisdiction issue. As we have stated above, a Rule 41(a)(1)(i) dismissal requires no action or approval by the court to be effective, nor does the court's endorsement affect its validity or finality. Similarly, the court could not effectively have amended the notice by adding conditions or allowing fees.
 
 
 [4]
 In light of our holding stated above, we find it neither necessary nor appropriate to reach appellants' claims regarding the merits of their action against VSA or the claims of appellants' counsel that his conduct did not amount to bad faith and that he was deprived of the opportunity for a hearing on the record before the court assessed fees against him. See Roadway Express, Inc. v. Piper, supra, note 2