**ROUTE MESSENGER SERVICES, INC., Plaintiff,**

v.

**HOLT–DOW, INC., Defendants.**

**No. 91–CIV–5989 (LJF).**

United States District Court, S.D. New York.

Nov. 1, 1991.

Piken and Piken, P.C., Rego Park, N.Y. by Kenneth Piken, for plaintiff Route Messenger Services, Inc.

Davidoff & Malito, New York City by Leonard Benowich, John Harris, for defendant Holt–Dow, Inc.

## ORDER AND OPINION

FREEH, District Judge.

Defendant Holt–Dow, Inc. ("Holt") has moved the Court for sanctions against plaintiff Route Messenger Services, Inc. ("Route") and its counsel, Kenneth Piken, Esq. ("Piken"). Holt asserts that Piken failed to make the "reasonable inquiry" required by Fed.R.Civ.P. 11 and filed a baseless suit against Holt. Holt also claims that Piken has been grossly negligent in his conduct with opposing counsel and the Court. For the reasons stated below, Holt's motion is granted.

## FACTS

Route initiated this action on September 5, 1991, claiming that Holt, another messenger service, had violated the New York Transportation Law by failing to obtain proper licenses. Federal court jurisdiction was grounded on diversity of citizenship, but Route failed to indicate where its principal place of business is located. The complaint stated only that Route "maintain[s] its corporate offices" in Springfield, New Jersey. (Complaint ¶ 3).

At the time it filed its complaint, Route also obtained an order to show cause why a temporary restraining order and preliminary injunction should not issue against Holt. Defense counsel, John Harris ("Harris"), requested an adjournment of the return date for the preliminary injunction motion, but Piken declined that request. Harris then informed Piken that the complaint was defective for two reasons: (1) it failed to plead a sufficient basis for federal court jurisdiction; and (2) it relied on a statutory provision that had been repealed. After receiving this information, Piken stated that he "might" voluntarily discontinue the action.[1]  (Harris Aff. ¶¶ 3–4).

---

1. In his affidavit in opposition to the motion for sanctions, Piken states that he told Harris that he *would* discontinue the action. Given Piken's conduct throughout this case, this assertion is unconvincing.

Without informing Harris, Piken contacted the Court on the day prior to the motion return date, September 12, 1991, and stated that the action had been voluntarily discontinued. On that same date, Route filed a similar action against Holt in New York state court. (Harris Aff. ¶ 4–5)

Harris learned that the federal case had been voluntarily dismissed by Route only upon arriving at the Court the following day, September 13, 1991. Piken did not send a notice of discontinuance until September 16, 1991, which was not received by Harris until September 18, 1991. (Harris Aff. ¶ 4).

## DISCUSSION

Fed.R.Civ.P. 11 requires that every "pleading, motion, [or] other paper" submitted by a party represented by an attorney be signed by at least one attorney of record. The Rule further states that, by signing a pleading, an attorney certifies that the document is both "well grounded in fact and is warranted by existing law ..." If a pleading is signed in violation of the Rule, "the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the pleading ..., including a reasonable attorney's fee."

As stated in the complaint, Route's primary claim here is that Holt has been engaging in "unfair competition" with Route because Holt does not have licenses from the New York State Department of Transportation, as required by the New York Transportation Law. (Complaint ¶ 15). In making this allegation, Route specifically stated that "[a] private right of action exists pursuant to the Transportation Law ..." (Complaint ¶ 24).

At one time, the Transportation Law did allow for a private right of action to enforce its provisions. See Transportation Law, former § 177(2) (repealed 1983). The private right of action was expressly eliminated, however, when the Transportation Law was amended in 1983. See Transportation Law § 177 (current version). Thus, even if Holt is not properly registered, as required by the statute, Route appears to have no right to enforce that obligation. Piken's statement that such a private right of action exists constitutes, at minimum, gross negligence in violation in Rule 11.[2]

It also appears that Piken deliberately failed to include in the complaint a statement regarding Route's principal place of business in order to establish federal court jurisdiction. The complaint merely states that Route is a New Jersey corporation, "maintaining its corporate offices" in New Jersey, not that its principal place of business is located there. However, it is well-established that, for purposes of diversity jurisdiction, a corporation is deemed a resident of both its state of incorporation and the state where its principal place of business is located, if different. See 28 U.S.C. § 1332(c) (a corporation is deemed a citizen of the state by which it was incorporated *and* of the state where it has its principal place of business). As a result, a complaint will be deemed insufficient to establish federal court jurisdiction if, on its face, it fails affirmatively to allege the principal place of business of the corporate parties. See, e.g., Anisfeld v. Cantor Fitzgerald & Co., Inc., 631 F.Supp. 1461, 1468 (S.D.N.Y.1986) (dismissing complaint for failure to include principal place of business of corporate defendants).

It is undisputed that Route has at least two corporate offices, in two different states. Thus, Piken's failure to include in the complaint a statement regarding Route's principal place of business appears intentional, to fabricate complete diversity of citizenship between the parties, and thus, federal court jurisdiction.[3]

---

**2.** During oral argument on Holt's motion for sanctions, Piken first suggested that the statute had merely been renumbered. Upon further questioning by the Court, however, he conceded that the provision for a private right of action had been repealed.

**3.** Route's president, Mitchell Kurtzer, did sign an affidavit in support of the order to show

Given Piken's conduct, Holt is entitled to recover all reasonable costs incurred in defending this action. Piken clearly violated Rule 11 when he filed a complaint that relied on a statute that was repealed eight years ago and that misstated this Court's jurisdiction over the action. Under no circumstances could such a pleading be deemed "warranted by existing law."[4] Moreover, Piken's failure to ensure that the baseless action was voluntarily dismissed *and* that Holt had received adequate assurance of such dismissal served to compound the error and increase the injury suffered by Holt. Piken did not even present an adequate defense to the motion for sanctions; in his opposition, Piken cited Second Circuit cases that had been abrogated by the Supreme Court a year ago and that had been impliedly overruled by the Second Circuit. *See Chemiakin v. Yefimov*, 932 F.2d 124, 128–29 (2d Cir. 1991).[5]

Given Piken's gross negligence throughout this proceeding, Holt's motion for sanctions is hereby granted. The Court has reviewed the affidavit of Leonard Benowich, Esq. regarding Holt's costs and attorneys' fees and finds that $5,000 will be sufficient and just to reimburse Holt for its reasonable expenses incurred in defending this action.[6]

SO ORDERED.

cause that specifically stated Route's principal place of business is located in Springfield, New Jersey. (Kurtzer Aff. ¶ 2). However, Route also maintains offices in New York, which are listed as the company's "residence" for purposes of the state court action. When given an opportunity to present his client to clarify the jurisdictional issue, Piken declined to do so. The Court can only infer from Piken's refusal to allow his client to testify that Piken knew or should have known that there was no subject matter jurisdiction in the federal court.

**4.** This is not to imply that an attorney must exhaust all avenues of legal and factual inquiry before filing a pleading. At minimum, however, a lawyer must make a sufficiently detailed inquiry so as to certify, as required by Rule 11, that the pleading is both legally and factually warranted and that it is not interposed for purposes of harassment or delay.

**5.** In his opposition, Piken argued that once a case has been voluntarily dismissed by a plaintiff, a district court has no subject matter jurisdiction to hear a later request for sanctions, citing two Second Circuit cases. (See Opposition). However, in *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990), the Supreme Court expressly rejected that rule and noted that the Second Circuit had been the only Court of Appeals in the country to have adopted that position. Emphasizing that the "central purpose" of Rule 11 sanctions is to deter "baseless filings" in the district courts, the *Cooter & Gell* Court specifically stated that district courts may impose Rule 11 sanctions even after a voluntary dismissal under Rule 41(a)(1)(i).

**6.** It must be emphasized that only "reasonable" costs may be reimbursed under Rule 11. Although defense counsel was required to expend considerable efforts and time in defending this action, it appears that certain of those efforts were duplicative and unnecessarily time-consuming. For example, the records submitted by Benowich indicate that attorneys at Davidoff & Malito spent in excess of 30 hours preparing one four-page brief, one eight-page affidavit and one four-page reply brief in support of it motion for sanctions. Such a large expenditure of time on such a (relatively) simple issue strikes the Court as excessive. Moreover, records which detail extensive drafting and revising of what are straightforward documents appear to reflect excessive costs. Accordingly, defense counsel's proposed fee must be reduced.