915 F.2d 1301
 17 Fed.R.Serv.3d 1363
 WESTLAKE NORTH PROPERTY OWNERS ASSOCIATION, Plaintiff-Appellant,
Shelby H. Moore, Jr.; Theresa A. Hooks, Appellants,
v.
CITY OF THOUSAND OAKS, Defendant-Appellee,
Lang Ranch Company; The Anden Group, Real Parties in
Interest-Appellees.
WESTLAKE NORTH PROPERTY OWNERS ASSOCIATION, Plaintiff-Appellant,
Shelby H. Moore, Jr.; Theresa A. Hooks, Appellants,
v.
CITY OF THOUSAND OAKS, Defendant.
Lang Ranch Company; The Housing Group; Langmoor
Corporation; The Anden Group, Real Parties in
Interest-Appellees.
WESTLAKE NORTH PROPERTY OWNERS ASSOCIATION, Plaintiff,
and
Shelby H. Moore, Jr.; Theresa A. Hooks, Appellants,
v.
CITY OF THOUSAND OAKS, Defendant,
and
Lang Ranch Company, Real Party in Interest-Appellee.
and
The Housing Group; Langmoor Corporation; The Anden Group,
Real Parties in Interest.
 Nos. 89-55377, 89-55510, 89-55666 and 89-55668.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 11, 1990.
Decided Sept. 28, 1990.
 
 Shelby H. Moore, Jr., and Theresa A. Hooks, Thousand Oaks, Cal., pro se, for plaintiffs-appellants.
 Mark G. Sellers, City Atty., Thousand Oaks, Cal., for defendant-appellee, City of Thousand Oaks.
 Karen J. Lee, Hamilton & Samuels, Newport Beach, Cal., for real-party-in-interest-appellee, Lang Ranch Co.
 Antonette B. Cordero and Susan L. Goodkin, Deputy Attys. Gen., Los Angeles, Cal., for amicus curiae.
 Appeal from the United States District Court for the Central District of California.
 Before WALLACE, THOMPSON and O'SCANNLAIN, Circuit Judges.
 WALLACE, Circuit Judge:
 
 
 1
 Moore and Hooks, the attorneys for Westlake North Property Owners Association (Westlake), appeal the district court's imposition of sanctions against them. The district court's jurisdiction is in dispute. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We reverse the imposition of sanctions.
 
 
 2
 * This case arises out of the efforts of various parties to control growth and development in the City of Thousand Oaks (City). In May of 1983, the City filed an action in California state court questioning the validity of a number of agreements between the City and Lang Ranch, a developer. The City asked for declaratory relief concerning the City's ability to contract away its zoning powers and to commit to density and zoning plans. This action was removed to federal court where it was joined with an action instituted by Lang Ranch against the City alleging that the City had violated Lang Ranch's federal constitutional rights pursuant to the takings, contract, and due process clauses of the federal constitution.
 
 
 3
 The district court advised the parties that if the matter proceeded to trial, there existed a strong possibility that Lang Ranch would prevail in some or all of its claims. Eventually, Lang Ranch and the City agreed to a stipulated judgment, which the district court approved and entered on October 28, 1986.
 
 
 4
 Nearly two years after Lang Ranch and the City had entered into the stipulated judgment, on October 27, 1988, Westlake, represented by attorneys Moore and Hooks, filed a petition for a writ of mandate in a California state court. Westlake prayed for relief in the form of (1) a Preemptory Writ of Mandate and/or Administrative Mandamus ordering the City to set aside certification of an Environmental Impact Report and approval of a tract map; (2) a Writ of Mandate issued by the state court to the City directing the City to petition the federal district court to seek modification of the stipulated judgment; (3) declaratory relief on a number of issues; (4) costs; (5) attorneys' fees; and (6) any other relief the court would grant.
 
 
 5
 The City and Lang Ranch removed this suit to the district court, arguing that it constituted a challenge to the earlier stipulated judgment. The district court exercised removal jurisdiction over the case. Westlake amended its petition and requested that the case be remanded to state court. The district court denied this request. The district court dismissed the amended petition pursuant to Federal Rule of Civil Procedure 12(b)(6) and determined that Westlake, as well as Moore and Hooks, should be sanctioned for filing the suit. Thereafter, Westlake reached a settlement with the City and Lang Ranch and agreed to drop all further litigation. Moore and Hooks appealed.
 
 II
 
 6
 The narrow issue we are called upon to decide in this appeal is whether the district court properly sanctioned Moore and Hooks pursuant to Federal Rules of Civil Procedure 11, 70, and 71. Before turning to that issue, however, we must first decide whether the district court possessed jurisdiction to sanction Moore and Hooks.
 
 
 7
 Moore and Hooks contend that the district court did not properly exercise removal jurisdiction over the case and therefore could not impose sanctions upon them. We have held, however, that "[t]he fact that the district court lacked jurisdiction to consider the merits of the case [does] not preclude it from imposing sanctions." Orange Production Credit Association v. Frontline Ventures Ltd., 792 F.2d 797, 801 (9th Cir.1986) (Orange Production ); see also Cooter & Gell v. Hartmarx Corp., --- U.S. ----, 110 S.Ct. 2447, 2455-56, 110 L.Ed.2d 359 (1990) (Cooter & Gell ) ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated."); Willy v. Coastal Corp., 855 F.2d 1160, 1172 (5th Cir.1988) ("[T]he district court retain[s] jurisdiction over the Rule 11 aspect of th[e] case, even though ... removal was improper."). Thus, even if a court does not have jurisdiction over an underlying action, it may have jurisdiction to determine whether the parties have abused the judicial system and whether sanctions are appropriate to remedy such abuse.
 
 
 8
 Although the cases that articulate this jurisdictional rule arose in the rule 11 context, we see no reason why their jurisdictional holding should not extend to the sanctions imposed by the district court pursuant to rules 70 and 71. The district court imposed both the rule 11 and rules 70 and 71 sanctions to remedy what it considered an abuse of the judicial system. Because the court has power to administer sanctions for this purpose regardless of whether it lacked jurisdiction over the merits of the case, Orange Production, 792 F.2d at 801, the district court possessed jurisdiction over all the sanctions aspects of this case. As this appeal deals only with the sanctions issue, we need not reach the broader question of whether the district court possessed removal jurisdiction to hear the merits of the case.
 
 III
 
 9
 Having established that the district court possessed jurisdiction to impose sanctions, we turn to whether the district court properly imposed sanctions on Moore and Hooks. The district court sanctioned Moore and Hooks for filing Westlake's petition for writ of mandate in state court pursuant to Federal Rules of Civil Procedure 70 and 71. The court sanctioned Moore and Hooks for filing the amended petition and related pleadings in federal court pursuant to Federal Rule of Civil Procedure 11. We first address the rules 70 and 71 sanctions. Whether rules 70 and 71 give the district court power to impose sanctions upon attorneys is a question of law that we review de novo. See United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).
 
 
 10
 Rule 70 states in part that "[i]f a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court...." Fed.R.Civ.P. 70 (emphasis added). According to its plain language, this rule applies only to parties who have failed to perform specific acts pursuant to a judgment. See McCabe v. Arave, 827 F.2d 634, 639 (9th Cir.1987) ("Federal Rule [of] Civil Procedure 70 ... is operative only when a party refuses to comply with a judgment.") (emphasis added). Neither Moore nor Hooks is a party to any of the underlying actions; rather, they are the attorneys of one of the parties--Westlake. Consequently, rule 70 cannot apply to Moore and Hooks. The district court erred by sanctioning Moore and Hooks pursuant to rule 70.
 
 Rule 71 provides that
 
 11
 [w]hen an order is made in favor of a person who is not a party to the action, that person may enforce obedience to the order by the same process as if a party; and, when obedience to an order may be lawfully enforced against a person who is not a party, that person is liable to the same process for enforcing obedience to the order as if a party.
 
 
 12
 Fed.R.Civ.P. 71. The language of rule 71 does not suggest that a court may use that rule as an independent basis for administering sanctions against an attorney. Rather, rule 71 provides that a non-party "is liable to the same process for enforcing obedience to the order as if a party." Id. As the Second Circuit has observed, "[i]t seems clear that Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action." Lasky v. Quinlan, 558 F.2d 1133, 1137 (2d Cir.1977). The district court, however, did not use rule 71 to enforce an order against Moore and Hooks. Rather, the court used rule 71 to sanction them. Such a use of rule 71 is clearly unsupported by the language and purpose of the rule. Rule 71 was designed to memorialize the common sense rule that courts can enforce their orders against both parties and non-parties. It therefore cannot provide an independent basis upon which to impose sanctions against attorneys. The district court erred in sanctioning Moore and Hooks pursuant to rule 71.
 
 IV
 
 13
 The district court sanctioned Moore and Hooks pursuant to Federal Rule of Civil Procedure 11 for "filing the Amended Petition and the pleadings related thereto" in federal court. The "related pleadings" apparently consisted of the original petition, which was actually filed in state court and then removed to federal court. Although Moore and Hooks filed a number of related motions in the district court on Westlake's behalf, they did not file any "pleadings" in the district court aside from the amended petition. See Fed.R.Civ.P. 7 (distinguishing pleadings and motions). We therefore construe the district court's order as sanctioning the original and amended petitions for writ of mandate. Because the original petition was filed in state court, rather than federal court, and removed to federal court by the City and Lang Ranch, there is a question whether rule 11 applies to it. We need not reach that issue. Here, the claims raised in the amended petition were, for all relevant purposes, the same claims as those raised in the original petition, even though the relief sought in the amended petition differed slightly because the case had become federal. We therefore focus our attention on whether the district court properly sanctioned Moore and Hooks for filing the amended petition.
 
 
 14
 Recently, in Cooter & Gell, the Supreme Court explained the standard of review that appellate courts should use in reviewing a district court's decision: "[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination. A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." 110 S.Ct. at 2461. We therefore review the district court's decision to impose rule 11 sanctions ultimately for an abuse of discretion.
 
 Rule 11 provides in part that
 
 15
 [e]very pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....
 
 
 16
 Fed.R.Civ.P. 11.
 
 
 17
 The rule provides two independent bases for the imposition of sanctions: one if a pleading is frivolous and another if it has been filed for an improper purpose. See Zaldivar v. City of Los Angeles, 780 F.2d 823, 830-32 (9th Cir.1986) (Zaldivar ) (distinguishing between the "frivolousness" clause and the "improper purpose" clause of rule 11). It is not altogether clear on which basis the district court imposed sanctions upon Moore and Hooks for filing the amended petition. In the section of its order discussing sanctions, the district court concludes that "the claims asserted in ... the Amended Petition are frivolous, in bad faith and unfounded in fact or in law." This suggests that the district court imposed the sanctions only for frivolousness. Yet there are indications that the district court may have imposed the sanctions because Moore and Hooks filed the amended complaint for an improper purpose.
 
 
 18
 In the context of a complaint, pleadings must first be determined to be frivolous before they can be determined to have been filed for an improper purpose. Id. at 832. We therefore must first decide whether the pleadings filed by Moore and Hooks in federal court were frivolous. If we conclude that they were not, it will not be necessary for us to determine the basis upon which the district court imposed the sanctions.
 
 
 19
 The so-called frivolousness clause of rule 11 requires that "to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the pleading, motion, or other paper] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Fed.R.Civ.P. 11. "An objective standard of reasonableness is applied to determinations of frivolousness...." Hudson v. Moore Business Forms, Inc., 836 F.2d 1156, 1159 (9th Cir.1987). An attorney's subjective intent in filing is thus irrelevant to the rule 11 analysis. Id.
 
 
 20
 As the district court observed, Moore and Hooks, on behalf of Westlake, asserted essentially four claims in the amended petition:
 
 
 21
 (1) That the City in approving various projects on Lang Ranch pursuant to the Judgment violated the California Environmental Quality Act, CEQA, by preparing an inadequate environmental impact report ("EIR") for specific Lang Ranch projects;
 
 
 22
 (2) That the City in entering into the Judgment violated the state elections law by failing to follow proper initiative modification;
 
 
 23
 (3) That the City in approving the Judgment in closed session failed to follow state-mandated hearing processes prior to agreeing to the Judgment;
 
 
 24
 (4) That the City in entering the Judgment acted outside the scope of its police power authority.
 
 
 25
 It is unclear from the district court's order precisely why the district court determined that the claims asserted in the petition were sanctionable. Although the district court, throughout its order, criticizes the legal basis of the particular claims asserted by Westlake, this does not appear to have been the reason the court imposed sanctions, but rather the reason it dismissed the claims. The standard for dismissal pursuant to rule 12(b)(6) and the standard for imposing sanctions pursuant to rule 11 are not the same. See id. Although a pleading may be parsed into its distinct claims for purposes of rule 11, see Townsend v. Holman Consulting Corp., 914 F.2d 1136 (9th Cir.1990), that is not what the district court appears to have done here. Rather, the district court apparently believed that the amended complaint, as a whole, was a frivolous attack on an earlier federal judgment. We review the district court's reasons for concluding that the amended petition, as a whole, was frivolous. These reasons were clearly expressed in the district court's order.
 
 
 26
 In the section of its order dealing with sanctions, the district court concluded that Moore and Hooks had acted frivolously in attempting to attack an earlier federal judgment by which Westlake was bound. The district court reasoned that since the members of Westlake were citizens of the City, Westlake must be bound by the stipulated judgment entered into by the City and Lang Ranch. The district court reasoned that because Westlake was bound by the judgment, the court possessed "continuing jurisdiction over ... the challenges made by [Westlake] to the Judgment and its implementation in the original petition and the amended petition." This, in turn, "requir[ed] [Westlake's] obedience to th[e] [district] court's jurisdiction." Based upon the premise that Westlake was bound by the earlier federal judgment, the district court reasoned that Moore and Hooks had acted frivolously because, even though they knew about the binding effect of the earlier judgment upon Westlake, they had filed the amended petition which constituted a clearly impermissible attack on that binding judgment. The district court concluded that the filing of the amended petition was therefore frivolous since it constituted a legally unfounded attempt to circumvent the clearly binding effect of the earlier judgment on Westlake. Moore and Hooks argue that the earlier federal judgment was not binding on Westlake, or that the issue is at least one upon which reasonable attorneys could disagree and is therefore not frivolous.
 
 
 27
 The district court determined that the stipulated judgment entered into by the City and Lang Ranch was valid and binding on all citizens of the City because the members of Westlake were represented by the City and therefore were in privity with the City for purposes of future challenges to the settlement. The district court cited Washington v. Washington State Commercial Passenger Fishing Vessel Association, 443 U.S. 658, 99 S.Ct. 3055, 61 L.Ed.2d 823 modified, 444 U.S. 816, 100 S.Ct. 34, 62 L.Ed.2d 24 (1979), in support of this determination. In Washington, the Court considered whether certain fishing groups as well as individual fishermen were bound by an earlier federal judgment entered into by the state of Washington. The Court held that because the "individuals and groups are citizens of the State of Washington, which was a party to the relevant proceedings, ... 'they, in their common public rights as citizens of the State, were represented by the State in those proceedings, and, like it, were bound by the judgment.' " Id. at 692-93, 99 S.Ct. at 3077-78, quoting City of Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 340-41, 78 S.Ct. 1209, 1220-21, 2 L.Ed.2d 1345 (1958). The question is whether "a good faith argument," Fed.R.Civ.P. 11, can be made that this rule does not apply to a city. Although it is apparently a fairly settled rule with regard to states as sovereign representatives of their people within the federal system, see Wyoming v. Colorado, 286 U.S. 494, 508-09, 52 S.Ct. 621, 626-27, 76 L.Ed. 1245 (1932); In re Multidistrict Vehicle Air Pollution M.D.L. No. 31, 481 F.2d 122, 131 (9th Cir.), cert. denied, 414 U.S. 1045, 94 S.Ct. 551, 38 L.Ed.2d 336 (1973), no case was cited to us extending this rule to municipalities. The district court's order provides no authority or analysis in support of such an extension. Without purporting to decide the matter, we conclude that it is at least an arguable question whether individuals and groups are bound as privies to judgments entered into by the municipalities in which they reside. This is particularly so here where it is alleged that the municipality's entry into the stipulated judgment was a violation of state law. We conclude that the district court erred in sanctioning Moore and Hooks for arguing that Westlake was not bound by the earlier federal judgment.
 
 
 28
 The district court apparently considered the filing of the amended petition frivolous not only because it constituted a direct attack upon the stipulated judgment, but also because it was an impermissible collateral attack on the judgment because Westlake had failed to intervene in a timely manner. In Martin v. Wilks, 490 U.S. 755, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989), however, the Supreme Court cast doubt on whether non-party suits were to be treated as impermissible collateral attacks on previous federal court judgments. In Martin, a group of firefighters attacked the terms of a consent decree entered into by the City of Birmingham. The City and other defendants moved to dismiss the suit as an impermissible collateral attack on the judgment by individuals who had been bound by the acts of the City. Id. at 2183. The Court rejected this argument, reasoning that "[j]oinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree." Id. at 2186. Again, without purporting to decide how Martin would affect the merits of this dispute, we conclude that a reasonable, good faith argument could be made that, based upon Martin, Moore and Hooks's filing of the amended petition did not constitute an impermissible collateral attack on the judgment.
 
 
 29
 We hold that, viewed objectively, Moore and Hooks had "a 'good faith argument' for [their] view of what the law is, or should be" with regard to whether the filing of the amended petition was barred by the earlier federal judgment. Zaldivar, 780 F.2d at 831. The filing of the amended petition was therefore not frivolous. Since the filing of the amended petition was not frivolous, it follows that the pleadings were not interposed for an improper purpose. Id. at 832.
 
 
 30
 Because the district court "based its ruling on an erroneous view of the law," Cooter & Gell, 110 S.Ct. at 2461, the district court abused its discretion in imposing sanctions upon Moore and Hooks. Consequently, we reverse the district court's award of sanctions and decline to reach the additional issues regarding sanctions raised in this appeal.
 
 V
 
 31
 Moore and Hooks also ask this court to impose rule 11 sanctions against Lang Ranch for papers filed by Lang Ranch in the district court. Because, as we have discussed, Moore and Hooks were not parties to the action in district court, they lack standing to move for rule 11 sanctions against Lang Ranch for actions taken in the district court.
 
 
 32
 REVERSED.