951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antun DAMJANOVIC; Milagros Damjanovic; Klara Damjanovic,
by her guardian ad litem, Antun Damjanovic,
Plaintiffs-Appellants,
Thomas E. Beck, Appellant,
v.
Robert C. AMBROSE; Martha Dale England; James W. Clark;
Robert L. Reugger, Deputy Sheriff, et al.,
Defendants-Appellees.
 No. 90-56268.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1991.
Decided Dec. 20, 1991.
As Amended on Denial of Rehearing and Rehearing En Banc
March 26, 1992.
 
 Before FARRIS, PREGERSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Plaintiffs-appellants Antun Damjanovic, Milagros Damjanovic and Antun Damjanovic as guardian ad litem for Klara Damjanovic ("the Damjanovics"), as well as the Damjanovics' attorney, Thomas E. Beck, appeal the district court's dismissal of the Damjanovics' complaint under Fed.R.Civ.P. 12(b)(6) and the imposition of sanctions under Fed.R.Civ.P. 11. We reduce the Rule 11 sanctions by $1500 and affirm.
 
 FACTS AND PROCEDURE
 
 3
 On April 13, 1986, a dispute arose between Antun Damjanovic and his former accountant that led to the intervention of the Los Angeles County Sheriff's Department and the filing of criminal charges against Damjanovic. As criminal charges were pending, the Damjanovics filed a civil action under 42 U.S.C. § 1983 against two peace officers, private individuals, the County of Los Angeles, and Los Angeles County Sheriff Sherman Block. We refer to this action as Damjanovic I.
 
 
 4
 In March, 1987, the Damjanovics filed a second action in state court alleging essentially the same claims they alleged in Damjanovic I. The Damjanovics did not serve any defendants at that time. We refer to this action as Damjanovic II.
 
 
 5
 After James Clark testified as a prosecution witness in Antun Damjanovic's second criminal trial,[1] the Damjanovics moved to add Clark as a defendant in Damjanovic I. The district court denied the motion. The Damjanovics then filed a new complaint in February 1988, Damjanovic III, alleging essentially the same facts as in Damjanovic I and Damjanovic II. In Damjanovic III, the Damjanovics named Clark as a defendant, alleging that he participated in a conspiracy to deprive them of their civil rights in violation of section 1983.
 
 
 6
 Clark moved for a dismissal in Damjanovic III under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be granted. The court granted this motion and dismissed the complaint against Clark finding that "[p]laintiffs rel[ied] solely on the fact that Defendant James Clark testified in a related criminal case, in a manner inconsistent with Plaintiffs' version of the facts." We affirmed this dismissal in an unpublished disposition filed July 31, 1989.
 
 
 7
 In January 1990, the Damjanovics amended Damjanovic II to substitute Clark for a fictitiously named "Doe" defendant. The Damjanovics served the complaint in Damjanovic II on the defendants in March 1990. The defendants removed the action to federal court. After remanding the state claims to state court, the district court granted Clark's motion to dismiss the federal claims and sua sponte dismissed the entire action. The court ruled that the Damjanovics' claims against Clark were barred by res judicata. The court awarded sanctions to Clark under Fed.R.Civ.P. 11. This appeal followed.
 
 DISCUSSION
 A. Jurisdiction
 
 8
 Antun Damjanovic was the sole party to file a motion for reconsideration in district court under Fed.R.Civ.P. 59(e). Clark contends that the other plaintiffs did not timely appeal because they failed to join Antun Damjanovic's motion for reconsideration. Clark does not dispute that this court has jurisdiction over the other Damjanovics and attorney Beck as to the order imposing sanctions.
 
 
 9
 Under Fed.R.App.P. 4(a)(4), if a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party under Rule 59, the time for appeal for all parties runs from the entry of the order ruling on the Rule 59(e) motion.
 
 
 10
 The district court's order denying Antun Damjanovic's motion for reconsideration under Rule 59(e) was entered on October 4, 1990. The Damjanovics and attorney Beck filed a notice of appeal on October 22, 1990. The appeal is timely as to all plaintiffs.
 
 B. Dismissal of the Action Against Clark
 
 11
 The Damjanovics argue that the Rule 12(b)(6) dismissal of their complaint against Clark in Damjanovic III was not "on the merits" and therefore did not have a preclusive effect. We reject this argument. The Supreme Court in Federated Department Stores v. Moitie, 452 U.S. 394 (1981), stated flatly that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.' " Id. at 399 n. 3. See also Noll v. Carlson, 809 F.2d 1446, 1447 n. 2 (9th Cir.1987). Res judicata applies to Damjanovic II because the court's ruling dismissing Clark in Damjanovic III was a judgment on the merits.[2]
 
 
 12
 Although the Damjanovics argue otherwise, a dismissal under Rule 12(b)(6) is not a "dismissal for lack of jurisdiction," constituting a dismissal not upon the merits under Fed.R.Civ.P. 41(b).[3] See Cannon v. Loyola University, 784 F.2d 777, 780-81 (7th Cir.1986), cert. denied, 479 U.S. 1033 (1987) (plaintiff's attempt to characterize dismissal of her prior action under Rule 12(b)(6) as "jurisdictional" is precluded by long standing Supreme Court precedent).
 
 
 13
 The Damjanovics further argue that the district court lacked the authority to sua sponte dismiss their complaint in its entirety. We also reject this argument. A dismissal, even on the court's own motion, is proper where the plaintiffs could not possibly win relief. Sparling v. Hoffman Const. Co., 864 F.2d 635, 638 (9th Cir.1988). Here, the district court ruled correctly that the Damjanovics' entire claim was barred by res judicata. This precluded the Damjanovics from suing Clark again on the same claim.[4]
 
 C. Sanctions
 
 14
 The district court sanctioned the Damjanovics and/or attorney Beck "in the amount of all the attorney's fees expended by defendant Clark in all three cases." (emphasis omitted). The court also granted Clark's request for an award of costs for expenses in bringing the motion to dismiss and for reasonable attorney fees.
 
 
 15
 We review the imposition of sanctions under Rule 11 for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., --- U.S. ----, 110 S.Ct. 2447, 2461 (1990). A district court necessarily abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Id.
 
 
 16
 The Damjanovics and Beck argue that the district court could not award sanctions for the complaint the Damjanovics filed in state court or for the opposition filed in federal court. In Hurd v. Ralph's Grocery Co., 824 F.2d 806, 808 (9th Cir.1987), we held that sanctions cannot be imposed under Rule 11 solely for papers filed in state court before the case is removed to federal court.
 
 
 17
 The district court, however, could properly impose sanctions against the Damjanovics and Beck for their opposition filed in federal court. See id. at 809; Westlake North Property Owners Ass'n v. City of Thousand Oaks, 915 F.2d 1301, 1304-05 (9th Cir.1990). The district court also had the inherent power to sanction the plaintiffs for their harassment of Clark. "The imposition of sanctions under the inherent power of the court is proper where counsel has willfully abused the judicial process or otherwise conducted litigation in bad faith." Stitt v. Williams, 919 F.2d 516, 531 (9th Cir.1990). See also Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66 (1980).
 
 
 18
 Contrary to the plaintiffs' contentions, there are no cogent reasons for questioning the res judicata effect of Damjanovic III. The argument that a dismissal under Rule 12(b)(6) is not a judgment on the merits is frivolous. Further, the district court had ample reason to believe that Damjanovic II had been prosecuted for the improper purpose of harassing Clark, inasmuch as the same court had decided the same claim in Clark's favor in Damjanovic III.
 
 
 19
 Finally, the Damjanovics and Beck argue that the district court erred in awarding attorney fees to Clark for all three Damjanovic actions. The total award was $16,807.77.
 
 
 20
 A close reading of the district court's order reveals that the court did not award attorney fees in all three actions; rather, it used the amount of the fees in all three actions as an "appropriate sanction" under Rule 11. The court first ordered that the plaintiffs be sanctioned "in the amount of all the attorney's fees expended by defendant Clark in all three cases." (emphasis in original). The court then awarded Clark costs and reasonable attorney fees for bringing the motion to dismiss.
 
 
 21
 The district court erred, however, by including in its award of sanctions under Rule 11 attorney fees attributable to the pleading filed in state court by which the action was removed to federal court. A reasonable fee attributable to these services is $126. We therefore reduce the total amount of the sanctions by the sum of $126. We otherwise uphold the sanction award as appropriate under Rule 11 and under the inherent power of the district court to sanction willful abuses of the judicial process.
 
 D. Sanctions on Appeal
 
 22
 Clark seeks additional sanctions for a frivolous appeal under Fed.R.App.P. 38. An appeal is frivolous if the result is obvious and the appellant's arguments are wholly without merit. Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir.1984). The Damjanovics' arguments on appeal are not "wholly without merit." We therefore decline to award further sanctions.
 
 CONCLUSION
 
 23
 We reduce the district court's sanction award by $1500 and AFFIRM. Each party will bear its own attorney fees and costs in this appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Antun Damjanovic was tried three times. His first trial ended in a mistrial. The second trial resulted in a hung jury and a mistrial. The third trial ended when the deputy district attorney failed to appear on the second day of trial. The court then granted Antun Damjanovic's motion to dismiss the charges against him
 
 
 [2]
 Because the district court did not dismiss Damjanovic III without leave to amend, the Damjanovics could have amended their complaint as a matter or right within twenty days after they served the complaint, provided that Clark did not file a responsive pleading. Fed.R.Civ.P. 15(a). It appears that Clark filed only a motion to dismiss the complaint; such a motion is not a responsive pleading under Rule 15(a). Allen v. Veterans Administration, 749 F.2d 1386, 1388 (9th Cir.1984)
 The Damjanovics did not seek to amend their complaint in Damjanovic III, but rather appealed the dismissal. The Damjanovics therefore waived their right to amend and stood on the allegations in the complaint. University Club v. City of New York, 842 F.2d 37, 39 (2d Cir.1988); 6 C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 1483 at 588 (1990). After the twenty-day period expired, the dismissal became a dismissal without leave to amend.
 
 
 [3]
 Rule 41(b) states in relevant part:
 Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.
 Emphasis added.
 
 
 [4]
 Because the Damjanovics' claim against Clark is barred in its entirety by the doctrine of res judicata, we need not address their other arguments