961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. KERSH, Plaintiff-Appellant,
v.
WEBB GRAPHICS, INC.; Norman Andrews, Defendants-Appellees,
Wanzie Collins; Ron Williams; Hartford Bindary, Inc.;
Peck Bindary Inc.; Flint Ink Corporation; H.B.
Fuller Corporation, Defendants.
 No. 90-1990.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1992.
 
 Before KENNEDY, DAVID A. NELSON and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 David A. Kersh, a pro se Michigan citizen, appeals a district court order denying his motion to quash the defendants' writ of garnishment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, Kersh sued the defendants, alleging various civil RICO claims. The district court dismissed Kersh's complaint, concluding that his claims were barred by res judicata and that the court lacked subject matter jurisdiction. The court also imposed Fed.R.Civ.P. 11 sanctions upon Kersh in the amount of $3000. On appeal, this court affirmed the district court's judgment. Kersh v. Webb Graphics, Case No. 88-2053 (6th Cir. July 31, 1989) (unpublished order).
 
 
 3
 The defendants then filed a writ of garnishment in the district court, seeking to collect the sanctions imposed upon Kersh. Kersh responded by filing a motion to quash the writ of garnishment. Kersh argued that because the court lacked subject matter jurisdiction over his initial case, it lacked authority to impose sanctions. The district court denied Kersh's motion initially and upon rehearing. Kersh has filed a timely appeal. On appeal, the appellees have filed a motion seeking double costs and attorney fees.
 
 
 4
 Upon review, we affirm the district court's judgment. A district court possesses the authority to impose Rule 11 sanctions irrespective of the existence of subject matter jurisdiction. Willy v. Coastal Corp., 112 S.Ct. 1076 (1992).
 
 
 5
 On appeal, the defendants move for the imposition of double costs and attorney fees against Kersh pursuant to Fed.R.App.P. 38, arguing that Kersh's appeal is frivolous. We note that the issue raised by Kersh on appeal was only recently addressed by the Supreme Court in the Willy case. While several other circuits had addressed this issue prior to the Supreme Court's decision, see, e.g., Westlake North Property Owners Ass'n. v. Thousand Oaks, 915 F.2d 1301, 1303 (9th Cir.1990); Unanue-Casal v. Unanue-Casal, 898 F.2d 839, 841 (1st Cir.1990); Wojan v. General Motors Corp., 851 F.2d 969, 972 (7th Cir.1988), this court had not addressed the issue. Since no Supreme Court or Sixth Circuit authority existed on this issue prior to Kersh's appeal, we determine that his appeal is not frivolous or without foundation, as is required to support sanctions on appeal. See 28 U.S.C. § 1912; Fed.R.App.P. 38; Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987).
 
 
 6
 Accordingly, we affirm the district court's judgment and deny the appellees' motion for double costs and attorney fees. Rule 9(b)(3), Rules of the Sixth Circuit.