19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL TRADE COMMISSION, Plaintiff-Appellee,
v.
Mark R. CRITTENDEN, etc., et al., Defendants-Appellants.
FEDERAL TRADE COMMISSION, Plaintiff-Appellee,
Alan S. Bercutt, C.P.A., Creditor-Appellant,
v.
Mark R. CRITTENDEN, Defendant,
George E. Schulman, Receiver-Appellee.
 Nos. 93-55243, 93-55471.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1994.
Decided Feb. 25, 1994.
 
 1
 Before: TANG, PREGERSON and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Mark R. Crittenden (Crittenden) and Alan Bercutt (Bercutt) appeal the district court's Order Granting Receiver's Petition for Distribution. We have jurisdiction under 28 U.S.C. Sec. 1291(a)(2) to review the Order of the district court. We affirm the district court's Order and dissolve the stay issued by this court August 13, 1993.
 
 BACKGROUND
 
 4
 In April, 1991, the Federal Trade Commission (FTC) initiated proceedings against Crittenden, individually and doing business as Regional Supply Co., under 15 U.S.C. Sec. 45 (prohibiting "unfair or deceptive acts or practices in or affecting commerce"). Crittenden's offending practices allegedly included falsely claiming that he was affiliated with a customer's usual supplier of office supplies, falsely claiming that the product he sold was packaged in the same (rather than smaller) quantities usually bought by the customer, falsely claiming that his prices were the same as or less than those normally paid by the customer, and shipping and demanding payment for unsolicited orders.
 
 
 5
 On July 28, 1992, the district court entered a Consent Decree, which by its terms settled all of the charges in the FTC's complaint against Crittenden. It enjoins the sort of false and deceptive practices and acts Crittenden allegedly had engaged in and provides for consumer redress.
 
 
 6
 On December 29, 1992, the receiver submitted to the district court a Petition for Instructions, setting forth a proposal for the distribution of the redress funds. The district court heard oral argument on the proposal on February 1, 1993, and on March 4 entered an Order Granting Receiver's Petition for Distribution.
 
 
 7
 Crittenden and Bercutt timely appealed to this court. On August 13, 1993, this court granted Bercutt's motion to stay the receiver's distribution of $26,420.25 (plus interest), which is the amount Bercutt claims against Crittenden for accountancy services allegedly provided.
 
 ANALYSIS
 Constructive trust
 
 8
 Crittenden and Bercutt object to the district court's Order determining that certain of the funds in the receivership were held in constructive trust. There is no dispute that the Decree mandated a "consumer redress." The receiver had proposed the constructive trust in order to effect the consumer redress mandated by the Consent Decree, absent which the relevant funds would go not to consumers but to the IRS under 31 U.S.C. Sec. 3713(a) (see Aquilino v. United States, 363 U.S. 509, 512 (1960)).
 
 
 9
 We review the district court's supervision of a receivership for an abuse of discretion. S.E.C. v. Hardy, 803 F.2d 1034, 1037 (9th Cir.1986). This court would be "remiss were [it] to interfere with a district court's supervision of an equity receivership absent a clear abuse of discretion." Id. at 1038.
 
 
 10
 Crittenden and Bercutt argue that the district court had no business concluding that there was a constructive trust, and in particular that it was improper for the district court to make a finding that California's requirement that the res of the trust be acquired by wrongdoing was satisfied ( see Calistoga Civic Club v. City of Calistoga, 191 Cal.Rptr. 571, 576 (1983); Weiss v. Marcus, 51 Cal.App.3d 590, 600 (1975) ("a constructive trust may be imposed in practically any case where there is a wrongful acquisition or detention of property to which another is entitled")). The argument is without merit.
 
 
 11
 First. No extrinsic authority appears that prohibited the district court from making the finding. It was clearly in the service of the Decree.
 
 
 12
 Second. We disagree that the Decree itself barred the finding. We review the terms of the Decree de novo ( Thompson v. Enomoto, 915 F.2d 1383, 1388 (9th Cir.1990), cert. denied, 112 S.Ct. 965 (1992)), and in doing so this court is to use the contract principles of the situs state (id.), here California. In California, "interpretation begins with the contract's language which 'is to govern ... if the language is clear and explicit.' " Id., quoting Cal.Civ.Code Sec. 1638.
 
 
 13
 The only relevant language is that the Decree was entered "without admission of liability of any party," and we find it clear and explicit: it does not bar the district court from making a finding of wrongdoing, nor does it preclude the district court's relying on the terms of the Decree for the finding of wrongdoing. Moreover, the Decree's language, on which the district court relied, supports such a finding. The district court based its finding of wrongdoing on the Decree's language that the settlement was for "consumer redress," reasoning that "[s]uch reference to consumer redress implies that the funds were wrongfully obtained." The Decree does not define "redress," but the ordinary language meaning of the term unambiguously denotes wrongdoing: the first (non-obsolete) definition given by Webster's Third New International Dictionary is "to set (a wrong) right." The Decree's appending the parenthetical "(consumer refund)" to each "consumer redress," a coupling for which Crittenden apparently "negotiated," does not cancel the denotation of the word "redress."
 
 
 14
 Third. As for the adequacy of the notice and proceedings, we find no error whatsoever. The district court had the "jurisdictional authority" to use "summary proceedings to determine [the] appropriate relief." See Hardy, 803 F.2d at 1040. And, as for the claim that there was inadequate notice, the record establishes that both Crittenden and Bercutt presented the district court with opposition to the receiver's petition, which opposition included argument against the constructive trust.
 
 
 15
 The district court's finding of a constructive trust was within its authority, and we would be remiss were we to disturb it.
 
 Pre-approval
 
 16
 Crittenden requested that the district court order that he be permitted to pre-approve any letter sent by the receiver to his former customers, and on appeal Crittenden baldly asserts that such pre-approval is necessary to avert the FTC's making "slanderous remarks" about him. The district court denied "Crittenden's request because [Crittenden] cites no authority for his position." Nor has Crittenden favored this court with any authority for his position. The Consent Decree, elsewhere touted by Crittenden for its resolution of "all matters," provides for no pre-approval. The district court did not err.
 
 Rule 11
 
 17
 We review a district court's decisions on Rule 11 issues for an abuse of discretion. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1365 (9th Cir.1990) (en banc). We would have to find that the petition was frivolous or filed for an improper purpose. Westlake North Property Owners Ass'n v. Thousand Oaks, 915 F.2d 1301, 1305 (9th Cir.1990). Neither is possible. The petition was well-grounded in fact and effects the purpose of the Decree.
 
 CONCLUSION
 
 18
 The Order of the district court is AFFIRMED and the stay DISSOLVED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3