
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FIDELITY NATIONAL FINANCIAL INC., a Delaware corporation; FIDELITY EXPRESS NETWORK INC., a California corporation, | No. 08-56038 |
| | D.C. No. 2:00-cv-06902-GAF-RZ |
| Plaintiffs - Appellees, | |
| v. | MEMORANDUM[*] |
| ALLEN HYMAN, | |
| Defendant - Appellant, | |
| and | |
| COLIN H. FRIEDMAN, individually, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted September 2, 2010[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, GOULD and IKUTA, Circuit Judges.

Attorney Allen Hyman appeals the district court's order granting the request of Fidelity National Financial, Inc. ("Fidelity") to hold him liable for contempt sanctions in the amount of $39,717.50. We have jurisdiction pursuant to 8 U.S.C. § 1291. As the facts are known to the parties, we repeat them only as necessary to explain our decision. Because we conclude that the district court did not abuse its discretion in imposing sanctions under Rule 37, *see Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1218 (9th Cir. 2010), we affirm.

Although our law on third-party contempt does not give an independent basis for imposing contempt sanctions on an attorney for aiding and abetting a client's contempt, *see Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1304 (9th Cir. 1990), the district court did not abuse its discretion in imposing sanctions under Rule 37. Where a party "fails to obey an order to provide or permit discovery," the district court may find the party in contempt and "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A), (C). The district court's application

2

of Rule 37 was not an abuse of discretion, as it was logical, plausible, and supported by inferences that it properly drew from the record. *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc). There was sufficient evidence supporting its conclusion that Hyman's efforts to obtain the documents were "half-hearted and ineffectual," and Hyman did not meet his burden of showing that substantial justification or other circumstances made the award unjust. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1172 (9th Cir. 1994). Nor were the district court's findings clearly erroneous.

Also, the record indicates that Hyman had adequate notice and opportunity to be heard on his potential liability under Rule 37. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109–10 (9th Cir. 2005). The district court told Hyman on two occasions that he could be liable under Rule 37, Fidelity's original motion requested attorney's fees under Rule 37, and Hyman did not file a motion for reconsideration when the district court afforded him the opportunity to do so.

AFFIRMED.